## Morris Estate

*Duffy, McTighe & McElhone, Desmond J. McTighe, Nesbit, Morris, Noonan & Reinl* and *Raymond B. Reinl,* for accountant.

TAXIS, P. J., February 13, 1963.—. . . By paragraph fourth of decedent's will he gave and bequeathed a number of paintings to the Philadelphia Museum of Art with the proviso ". . . that my wife shall have the use of them for her lifetime, and upon her death my sons, Herbert C. Morris, Junior, and Edward K. Morris, shall have the use of them, and upon the deaths of my wife and my two sons, the said paintings shall be delivered into the custody of said Museum."

Following this bequest is a list of paintings. Of the paintings listed, only one, a Renoir, known as "Girl in the Flowered Hat" and appraised at $45,000, was owned by decedent at his death. Decedent's sons renounced and disclaimed their interest in the painting in writings dated October 6, 1960, and October 7, 1960, respectively. These renunciations were filed at the audit.

A narrow but interesting question arises by reason of the fact that the Philadelphia Museum of Art has waived the necessity of the filing of a bond by the "statutory trustee" under section 13 of the Estates Act of April 24, 1947, P. L. 100. This waiver was also submitted at the time of audit.

Section 13 of the Estates Act of 1947 excuses the entry of security if the "statutory trustee" is ". . . given a power of consumption" or is ". . . excused from entering security by the terms of the conveyance." Neither of these two circumstances is present in this case. Section 13 then provides that ". . . such person . . . shall be required to enter such security for the protection of persons entitled to future inter-

372

ests as the court in its discretion shall direct." I am of the opinion that where, as here, a unique item of personal property is given to one as statutory trustee under section 13 of the Estates Act of 1947, and the remainderman waives the entry of security, the court, in the exercise of its discretion may approve such waiver, whereupon the duty of the statutory trustee becomes merely one to preserve and protect the property but without liability for depreciation caused by its normal use. The waiver of security by the remainderman is therefore approved and no security will be required. . . .

And now, February 13, 1963, this adjudication is confirmed nisi.